**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2310

CLINCHFIELD COAL COMPANY, c/o HealthSmart Casualty Claims Solutions,

Petitioner,

v.

PHYLLIS J. MOORE, on behalf of and widow of Delmus Moore; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of an Order of the Benefits Review Board.  (21-0039-BLA; 21-0040-BLA)

Submitted:  March 29, 2023                                  Decided:  July 13, 2023

Before KING and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Timothy Ward Gresham, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Petitioner.  Sarah Marie Hurley, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director, Office of Workers' Compensation Programs, United States Department of Labor.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clinchfield Coal Company ("Clinchfield") petitions this Court for review of the Benefits Review Board's ("BRB") order affirming the Administrative Law Judge's ("ALJ") award of benefits to Phyllis Moore ("Claimant") under the Black Lung Act. Clinchfield contends that the ALJ did not adequately consider the x-ray evidence in concluding that Claimant had invoked the irrebuttable presumption that Delmus K. Moore ("Miner") was totally disabled. However, Clinchfield does not directly challenge the ALJ's alternative conclusion that Claimant established the 15-year presumption of total disability due to pneumoconiosis under § 411(c)(4) of the Affordable Care Act, instead contending generally that the ALJ did not adequately explain his findings and conclusions.

Our review of the BRB's decision upholding an award of benefits is limited to considering "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *W. Va. CWP Fund v. Dir., Office of Workers' Comp. Programs*, 880 F.3d 691, 697 (4th Cir. 2018) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks

2

omitted). "We review the legal conclusions of the [BRB] and the ALJ de novo." *Harman Mining Co. v. Dir., Office of Workers' Comp. Programs*, 678 F.3d 305, 310 (4th Cir. 2012).

"Administrative adjudications are subject to the same harmless error rule that generally applies to civil cases." *Addison*, 831 F.3d at 253. Therefore, Clinchfield must show that it was prejudiced by any error. *Id.* Clinchfield contends that the ALJ needed to adequately explain every finding and conclusion. However, Clinchfield does not attempt to establish prejudice by demonstrating that such an error affected the proceeding's outcome. *See id.* at 253-54. We do not determine prejudice "through mandatory presumptions and rigid rules" such as the one Clinchfield proposes. *Id.* at 254 (internal quotation marks omitted). Because Clinchfield does not otherwise contest the ALJ's alternative determination, we conclude that any error was harmless.

Accordingly, we deny Clinchfield's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*